**94–347.** State ex rel. Zonders v. Delaware Cty. Bd. of Elections. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus regarding an expedited election matter. Upon consideration of the motion of Donald R. Kenney, Trustee, to intervene,

IT IS ORDERED by the court that the motion to intervene be, and the same is hereby, granted, effective March 14, 1994.

DOUGLAS, J., not participating.

**94–501.** State ex rel. Schwartz v. Piepmeier. In Prohibition. This cause originated in this court on the filing of a complaint for a writ of prohibition. Upon consideration of relator's motion for issuance of an alternative writ,

IT IS ORDERED by the court that the motion for issuance of an alternative writ be, and the same is hereby, denied, effective March 14, 1994.

DOUGLAS and WRIGHT, JJ., dissent.

**94–522.** State ex rel. Wilson v. Hisrich. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus regarding an expedited election matter. Upon consideration thereof,

IT IS ORDERED by the court that an alternative writ of mandamus be, and hereby is, granted, and respondents are hereby ordered to show cause on or before March 21, 1994, why a peremptory writ should not be issued.

PFEIFER, J., not participating.

## MISCELLANEOUS DISMISSALS

**93–221.** State v. Brown. *Lucas County*, No. L–92–145. This cause is pending before the court on the filing of a motion for leave to appeal from the Court of Appeals for Lucas County and as a claimed appeal as of right. Appellant's motion to file memorandum in support of jurisdiction instanter was denied by this court on May 26, 1993. Appellant's motion for rehearing of the denial of the motion to file instanter was denied by this court on July 14, 1993. It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and the same is hereby, dismissed *sua sponte*, effective March 14, 1994.

**93–961.** Vallish v. Copley Bd. of Edn. *Summit County*, No. 15664. This cause, here on certification of conflict by the Court of Appeals for Summit County, was considered in the manner prescribed by law. Upon consideration of appellant's application to dismiss,

IT IS ORDERED by the court that said application be, and the same is hereby, granted, effective March 14, 1994.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

**93–1028.** State v. Perkins. *Summit County*, No. 15750. This cause is pending before the court on the filing of a motion for leave to appeal from the Court of Appeals for Summit County and as a claimed appeal as of right. Appellant's notice of appeal was filed May 24, 1993. It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and the same is hereby, dismissed *sua sponte*, effective March 14, 1994.